```
 1
 2
 3
 4
 5
 6
 7
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERWIN HARRIS,

      Plaintiff,                    No. CIV S-04-0009 DFL KJM P

   vs.

CAL A. TERHUNE, et al.,

      Defendants.             FINDINGS & RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Pursuant to this court's January 31, 2006 order, this action is currently proceeding against defendant Rohlfing. Defendant Rohlfing has moved to dismiss arguing that plaintiff failed to exhaust state court remedies with respect to his claims prior to filing suit. Plaintiff opposes the motion, arguing that because he seeks only money damages, he need not have appealed his grievance past the first step, at which he obtained a partial grant.

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies,

1

the proper remedy is dismissal of the claim without prejudice. Id.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a prisoner has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5. All steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step is unavailable to him; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002). The United States Supreme Court has held that 42 U.S.C. § 1997e(a) requires exhaustion of available administrative procedures "regardless of the relief offered through" such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). Defendant bears the burden of proving plaintiff's failure to exhaust. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied sub nom, Alameida v. Wyatt, 540 U.S 810 (2003).

In his complaint, plaintiff claims that he visited Rohlfing for treatment on July 21, 2003 for an eye injury sustained on June 7, 2003. Plaintiff claims Rohlfing conducted a cursory examination causing plaintiff to suffer pain in violation of his Eighth Amendment rights.

In his motion to dismiss, Rohlfing presents evidence indicating that plaintiff filed a grievance against Rohlfing on July 21, 2003. Mot., Ex. A. The grievance was partially granted at the first level. Mot., Ex. A. After that, as he concedes, plaintiff did not grieve defendant's Rohlfing conduct that forms the basis of plaintiff's claim against defendant Rohlfing in this action to a higher level. Mot., Ex. C at 2:16-19. Accordingly, plaintiff did not exhaust administrative remedies with respect to the claim in this action before filing suit.

/////

1     In accordance with the above, IT IS HEREBY RECOMMENDED that:

2     1.  Defendant Rohlfing's May 25, 2006 motion to dismiss be granted; and

3     2.  This action be dismissed.

4     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 14, 2006.

_____
U.S. MAGISTRATE JUDGE

1
harr0009.57